{¶ 18} I respectfully dissent from the majority opinion.
 {¶ 19} The majority concludes "* * * at the time Trooper Topp asked appellant about the marijuana, he was still only involved in a Terry investigation." I disagree.
 {¶ 20} Trooper Topp made a routine traffic stop of the vehicle. Upon smelling an odor of burnt marijuana coming from the vehicle, the stop no longer remained routine.
 {¶ 21} The driver of the vehicle was placed in the cruiser and questioned ten to fifteen minutes before then implicating appellant as the one in possession of marijuana. Thereafter, Trooper Topp and Trooper Keener asked appellant to exit the vehicle. While this request is lawful pursuant to Pennsylvania v. Mimms (1977), 434 U.S. 106, 111, the physical positioning of appellant between the two troopers on a interstate highway is significant in assessing whether appellant felt a restraint on his freedom of movement. Trooper Topp testified had appellant begun to walk away, he would have stopped him.
 {¶ 22} Having already smelled the burnt odor of marijuana coming from the car and having been told by the driver appellant was in possession of marijuana, Trooper Topp testified he "most likely' was going to arrest appellant.[2] Of significance is the nature of question poised to appellant by Trooper Topp, given appellant's physical location between the two troopers at the time it was asked. Trooper Topp asked appellant "where the marijuana is." Tr. at 14. The question was not preliminary or investigatory in nature, it was inculpatory and presumed the troopers already knew appellant was in possession of marijuana.
 {¶ 23} Given the totality of these circumstances, I find a reasonable person would have perceived him or her self to be in custody. Accordingly, I believe the trial court erred in failing to suppress the inculpatory statements made by appellant at the scene, which were obtained without the Miranda warnings being given.
 {¶ 24} Although appellant's motion to suppress also sought suppression of the evidence seized as a result of his statements to Trooper Topp, appellant's brief to this Court does not address that issue. Had appellant asserted such as error, such argument would be meritless because of the automobile exception to the Fourth Amendment.
[2] The phrase "most likely" was used in the question posed by appellant's counsel to which Trooper Topp responded in the affirmative and then proceeded to clarify. Tr. at 25-26.